## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

TRAVIS CREACHBAUM,

                 Petitioner,         :    Case No. 3:20-cv-164

      - vs -                       District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                                    :
               Respondent.

## REPORT AND RECOMMENDATIONS

       This is a habeas corpus case brought *pro se* by Petitioner Travis Creachbaum to obtain relief from his convictions in the Clark County Common Pleas Court on charges of burglary and receiving stolen property (Petition, ECF No. 1, PageID 1). As a habeas corpus case, it is referred to the undersigned pursuant to General Order Day 13-01.

       Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

       The Petition recites that Creachbaum was convicted in Clark County Common Pleas Case No. 17-CR-370 on January 4, 2018, and sentenced the next day (Petition, ECF No. 1, PageID 1). He appealed to the Second District Court of Appeals which affirmed the conviction February 15,

2019. *Id.* at PageID 2.  He then sought review in the Supreme Court of Ohio which declined to exercise appellate jurisdiction on May 15, 2019. *Id.* He then timely filed his Petition in this Court by depositing it in the prison mail system on March 22, 2020. *Id.* at PageID 13.

Petitioner pleads two grounds for relief:

> **Ground One:**  The Petitioner's due process, equal protection and double jeopardy rights were violated when he was sentenced contrary to law.
>
> **Supporting Facts:**  The Petitioner was sentenced for a burglary and a receiving stolen property and the sentences were run consecutively.  The property that was the subject matter of the receiving stolen property charge was the property that was taken in the burglary.  There were also sentences run consecutively that the proper findings were not made according to law.
>
> **Ground Two:**  The trial court's imposition of consecutive sentences is unsupported by the record and contrary to law.
>
> **Supporting Facts:**  The trial court's imposition of consecutive sentences is wholly without support in the record and contrary to law.  The offenses were for the same offense, the burglary and the receiving stolen property from the burglary.  There is nothing in the record to support the trial court's conclusion that the offenses rose to the level to support the imposition of consecutive sentences.  This is clearly a double jeopardy violation.

(Petition, ECF No. 1, PageID 5-6.)

The decision of the Second District Court of Appeals on direct appeal is reported at *State v. Creachbaum*, 2019-Ohio-566 (Ohio App. 2nd Dist. Feb. 15, 2019), appellate jurisdiction declined at 2019-Ohio-1759 (May 15, 2019).  Judge Donovan's opinion for the Second District summarized the facts as follows:  Creachbaum was an acquaintance of the victim Daniel Frye. Frye was away from home May 20-21, 2017, and during the night hours Creachbaum broke into Frye's home and stole equipment Frye used as a disc jockey (turntables, speakers, and an amplifier) as well as a "great deal of [Frye's] video game memorabilia."  *Creachbaum* at ¶ 3.  The

next day, May 22, 2017, Creachbaum sold the disc jockey equipment to the Lone Star Pawn Shop in Xenia, Ohio. *Id.* at ¶ 4. On May 23, 2017, Creachbaum was apprehended attempting to sell the video game memorabilia at Game Cycle. *Id.* at ¶ 5. Because Creachbaum's image had been captured on Frye's security camera before Creachbaum destroyed it, Frye had alerted the owner of Game Cycle to the theft.

Creachbaum was indicted on one count of burglary and one count of receiving stolen property. He was convicted by a jury in January 2018. *Id.* at ¶ 7. At sentencing he argued the offenses should be merged under Ohio Revised Code § 2941.25. *Id.*. The trial court rejected that argument and sentenced him on both counts, for three years for burglary and one year for receiving stolen property. *Id.* The trial judge then ordered those two sentences be served consecutively and consecutive to a sentence imposed in Madison County. *Id.*

On appeal Creachbaum reiterated his allied offenses claim in his First Assignment of Error and a related claim in his Second Assignment that because his crimes were allied offenses, they did not represent a course of conduct authorizing consecutive sentences. The Court of Appeals overruled both assignments, concluding the two convictions were not allied offenses of similar import subject to merger under Ohio Revised Code § 2941.25 and the trial judge had otherwise made sufficient findings to justify consecutive sentences under Ohio law.

Because this opinion of the Second District is the only reasoned opinion of the Ohio courts on Creachbaum's claims, it is the decision this Court must analyze in determining whether his convictions are constitutional. Y*lst v. Nunnemaker*, 501 U.S. 797 (1991).

**Consecutive Sentences**

In both grounds for relief, Creachbaum complains of the imposition of consecutive sentences.  As the Second District found, Ohio law has a presumption in favor of concurrent sentences.  *Creachbaum* at ¶ 27, citing Ohio Revised Code § 2929.41(A) and *State v. Bonnell*, 140 Ohio St.3d 209 (2014).

> However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* Reciting the findings made by the trial court, the Second District found they satisfied Ohio law so as to overcome the presumption of concurrent sentences. *Id.* at ¶¶ 28-30.

To the extent Creachbaum's Petition challenges the Second District's decision on the consecutive sentences issue, it does not state a claim for relief cognizable in habeas corpus.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a);

*Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.   In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar concurring).

To the extent Creachbaum is arguing Ohio had a due process obligation to follow its own consecutive sentencing law, he fails to state a cognizable claim.  Failure to abide by state law is not itself a constitutional violation.  *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976);  *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976).  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Creachbaum's consecutive sentencing claims, to the extent they rest on a theory that Ohio did not follow its own law in this case, are not cognizable in habeas corpus.  This Court is bound by the Ohio court's interpretation of its own law.  *Bradshaw v. Richey*, 546 U.S. 74 (2005).

**Double Jeopardy**

To the extent they raise claims under the Double Jeopardy Clause, Creachbaum's two

grounds for relief do state constitutional claims within this Court's habeas corpus jurisdiction.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

Creachbaum invokes the third of these protections; he asserts he is being punished twice for the same offense because in the circumstances of this case burglary and receiving stolen property are one offense.

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), *citing Albernaz*. "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

Creachbaum did not mention the Double Jeopardy Clause in his Assignments of Error on

direct appeal; his Assignments of Error were limited to the claim that his conviction and sentence on both offenses violated Ohio Revised Code § 2941.25. That statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

However, raising a § 2941.25 claim in the state courts fairly presents and therefore preserves a double jeopardy claim for federal habeas review. *Palmer v. Haviland*, 2006 U.S. Dist. LEXIS 95890 (S.D. Ohio May 11, 2006)(Weber, J., adopting Report of Hogan, M.J.), *aff'd*, 273 Fed. Appx. 480 (6th Cir. 2008).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 705 (1999), *overruled on a different issue by State v. Johnson*, 128 Ohio St. 3d 153 (2010).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, [w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

*Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)(internal quotation marks omitted). Ohio Rev. Code § 2941.25, and not the *Blockburger* test determines whether a person has been punished twice for the same offense under Ohio law in

7

violation of the federal Double Jeopardy Clause.  *Jackson v. Smith*, 745 F.3d 206, 213 (6th Cir. 2014).

In deciding Creachbaum's allied offenses claim, the Second District relied on current interpretations of that statute by the Supreme Court of Ohio, particularly *State v. Ruff*, 143 Ohio St.3d 114 (2015), and *State v. Earley*, 145 Ohio St. 3d 281 (2015).  The *Ruff* Court stated the controlling standard to be:

> Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.
>
> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶¶ 30-31.

The Second District noted that a receiving stolen property offense can be proven in Ohio in three alternative ways:  the State can show a defendant received, retained *or* disposed of stolen property.  Noting that Creachbaum stole the property on one occasion and then later disposed of it in two separate transactions, it followed its own recent precedent in *State v. Skapik*, 2015-Ohio-4404 (Ohio App. 2nd Dist. Oct. 23, 2015), where the theft happened on one occasion and the disposition on another.  Because the theft and the disposition occurred on separate days at separate locations, the crimes were not allied offenses of similar import, either in *Skapik* or here. *Creachbaum* at ¶¶ 20-21.

8

This Court has recognized the authority of *Ruff*'s interpretation of Ohio Revised Code § 2941.25. *Kilby v. Court of Common Pleas*, 2015 U.S. Dist. LEXIS 48471 (S.D. Ohio Apr. 13, 2015)(Rice, J.). The Sixth Circuit has likewise recognized the authority of *Ruff* and *Earley*. *Russell v. Wainwright*, ___ Fed. Appx. ___ (6th Cir. Case No. 19-3067, Apr. 28, 2020).

Because the Second District's decision in this case is neither contrary to nor an objectively unreasonable application of *Brown v. Ohio, supra*, it is entitled to deference from this Court under 28 U.S.C. § 2254(d)(1).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 30, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

9

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.