# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TRAVIS CREACHBAUM,

        Petitioner,      :    Case No. 3:20-cv-164

  - vs -                                District Judge Michael J. Newman
                                        Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
 London Correctional Institution

                                         :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Travis Creachbaum, is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case (ECF No. 3). District Judge Newman, to whom this case has recently been transferred, has recommitted it to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 6).

Petitioner pleads two grounds for relief:

> **Ground One:** The Petitioner's due process, equal protection and double jeopardy rights were violated when he was sentenced contrary to law.
>
> **Supporting Facts:** The Petitioner was sentenced for a burglary and a receiving stolen property and the sentences were run consecutively. The property that was the subject matter of the receiving stolen property charge was the property that was taken in the burglary. There were also sentences run consecutively that the proper findings were not made according to law.

1

> **Ground Two:** The trial court's imposition of consecutive sentences is unsupported by the record and contrary to law.
>
> **Supporting Facts:** The trial court's imposition of consecutive sentences is wholly without support in the record and contrary to law. The offenses were for the same offense, the burglary and the receiving stolen property from the burglary. There is nothing in the record to support the trial court's conclusion that the offenses rose to the level to support the imposition of consecutive sentences. This is clearly a double jeopardy violation.

(Petition, ECF No. 1, PageID 5-6.)

The facts of the case are set out in the opinion of Judge Mary Donovan for the Second District Court of Appeals on direct appeal is reported at *State v. Creachbaum*, 2019-Ohio-566 (Ohio App. 2nd Dist. Feb. 15, 2019), appellate jurisdiction declined at 2019-Ohio-1759 (May 15, 2019). The Report accepted Judge Donovan's statement of the facts and Petitioner does not object to those findings. Essentially, Petitioner broke into the home of an acquaintance, Daniel Frye, and stole disk jockey equipment and video game memorabilia. The next day he sold the disk jockey equipment at a pawn shop and was apprehended while attempting to sell the video game memorabilia at a place called Game Cycle. There was no issue as to the identity of the burglar because Creachbaum's image was captured on Frye's security video.

Petitioner was charge with burglary for the break-in and receiving stolen property for the disposition of the stolen goods. Convicted of both, he received consecutive sentences over his objection that the convictions should merge under Ohio's allied offenses statute, Ohio Revised Code § 2941.25. The Second District held the offenses did not merge because they involved different conduct and different times and locations. *Creachbaum*, 2019-Ohio-566, ¶ 21.

The question of whether two offenses merge under Ohio Revised Code § 2941.25 is a question of state law on which this Court is bound by state court decisions. *Bradshaw v. Richey*, 546 U.S. 74 (2005). However, as the Report notes, an Ohio court decision on a claim under Ohio Revised Code § 2941.25 is dispositive of a Double Jeopardy claim based on the same facts (ECF No. 3, PageID 23,

citing *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 705 (1999), *overruled on a different issue by State v. Johnson*, 128 Ohio St. 3d 153 (2010)).  The Report further notes that in deciding Creachbaum's allied offenses claim, the Second District relied on current interpretations of that statute by the Supreme Court of Ohio, particularly *State v. Ruff*, 143 Ohio St.3d 114 (2015), and *State v. Earley*, 145 Ohio St. 3d 281 (2015).

Petitioner objects that the relevant Ohio law is to be found in *State v. Logan*, 60 Ohio St. 2d 126 (1979)(Objections, ECF No. 4, PageID 27)[1].  In *Logan* the defendant forced his victim into an alley and down a set of stairs before raping her.

> The court found that the restraint and movement of the victim had no significance apart from facilitating the rape. The detention was brief, the movement was slight, and the victim was released immediately following the commission of the rape. The court could not say that defendant had a separate animus to commit kidnapping. The court could not find that the asportation of the victim down the alley to the place of rape presented a substantial increase in the risk of harm separate from that involved in the rape. The court concluded that defendant's detention and asportation of the victim was incidental to the crime of rape, and therefore demonstrated but a single animus.

60 Ohio St. 2d 126.

Ohio Revised Code § 2941.25 has been reinterpreted by the Supreme Court of Ohio in the forty-plus years since *Logan* was decided, but the result in *Logan* fits well within *State v. Ruff*, 143 Ohio St.3d 114 (2015).  As quoted by the Second District in Petitioner's case, *Ruff* holds:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate

---

[1] Petitioner gives the citation as 61 Ohio St. 2d 126, but the relevant case appears in volume 60 of Ohio State Reports Second.

> convictions. The conduct, the animus, and the import must all be considered.

*Creachbaum*, 2019-Ohio-566, ¶ 14, quoting *Ruff* at ¶ 30-31. As he claims in his Objections, Petitioner, like the rapist in *Ruff*, may have operated with a single animus: break in, steal property, and sell it. But the acts were, as the Second District found, committed separately: Creachbaum broke in and stole the goods; he later at a separate location sold some of them at a pawn shop; later still and at another location, he attempted to sell some of them to a game store. There is no doubt that if Ruff had kidnapped his victim and held her for several days before raping her, he could have been convicted of both rape and kidnapping under Ohio Revised Code § 2941.25.

**Conclusion**

Having reconsidered the case upon recommittal, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 2, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.